**COMMONWEALTH OF MASSACHUSETTS**

| | |
|---|---|
| **MIDDLESEX, ss** | **SUPERIOR COURT**<br>**CIVIL ACTION NO:** |

| | |
|---|---|
| Kevin Gamst<br><br>       Plaintiff<br><br>v.<br><br>Boston University<br><br>       Defendant | **COMPLAINT AND JURY DEMAND**<br><br>**RECEIVED**   9/20/23   tc |

### Nature of the Case

1.  Plaintiff files this lawsuit for disability (1) discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12203(a); and (2) handicap discrimination pursuant to M.G.L c. 151B, § 4, (3) interference with the Plaintiff's exercise of rights under the Family Medical Leave Act, 29. U.S.C. § 2601, et seq, interference with the Plaintiff's exercise of rights under the Massachusetts Paid Family and Medical Leave Act, M.G.L. 175M, against Boston University. Gamst suffers from symptoms of "long haul covid" which resulted in a hospital stay and subsequently a request for accommodation upon returning to work. Boston University failed to accommodate him and ultimately terminated him.

### Jurisdiction and Venue

2.  The Court has jurisdiction over the discrimination complaint pursuant to M.G.L. c. 151B, §9. Plaintiff filed a complaint with the Massachusetts Commission Against

Discrimination (MCAD), Docket No. 23BEM01125 and EEOC Number 16C-20223-01390.

3. The Court has jurisdiction to hear federal claims pursuant to the Supremacy Clause of Article VI of the U.S. Constitution

4. Venue is proper in Middlesex County as Plaintiff resides in Middlesex County.

## Parties

5. Plaintiff Kevin Gamst ("Gamst") is a natural person currently residing in North Reading, Massachusetts.

6. Defendant Boston University ("University") is a non-profit institution duly organized by law, operating a university in the City of Boston, Suffolk County, MA.

## Facts

7. Gamst began working for the University in 2019 as a plumber/steam fitter.

8. During that time Gamst earned a reputation as an exemplary employee with no issues of discipline and positive performance evaluations.

9. As a full time employee as soon as he completed two years of service, Gamst was automatically enrolled in the Long Term Disability Plan ("LTD")

10. LTD was paid for entirely by the University.

11. In December of 2021, Gamst contracted COVID-19, and as result suffered a serious health issue that required hospitalization for 12 days.

12. As a result, he was unable to work during that time, and was placed on leave from work for the University.

13. Gamst was approved for FMLA leave on December 3, 2021, until March 8, 2022.

14. On March 9, 2022, he was denied FMLA leave as his time had been exhausted.

15. Gamst was also approved for PFMLA on December 3, 2021, until May 3, 2022.

16. Gamst was denied PFMLA on May 4, 2022, as his time had been exhausted.

17. Gamst continued his medical treatment during his leaves, including meetings with specialists in addition to his primary care team, in an effort to recover and return to work.

18. On May 9, 2022, the University notified him that his PFMLA leave was exhausted and if he could return to work by June 9, 2022, with our without an accommodation, he should work with the Equal Opportunity Department or Boston University Occupational Health Center ("OHC").

19. Gamst contacted OHC regarding his return to work and was told to have his medical provider return the necessary information.

20. Gamst received a Medical Clearance for Return to Work from OHC and had his medical provider return it on or about May 20, 2022

21. While his symptoms were expected to improve, his reasonable accommodation request included, 1. Not to climb ladders, 2. Limited to carrying less than 20 pounds. 3. Cannot cover entirety of campus independently, 4. Ideally a motorized vehicle or cart would help.

22. On June 2, 2022, Gamst received a letter via email from Abby Asani of the University's Equal Opportunity Office ("EOO"), which noted that he may need an accommodation.

23. The letter outlined the process for requesting an accommodation, noting the University would engage in an interactive dialogue to explore accommodations.

24. The letter concluded by requesting that Gamst submitted an online submission form, and Request for Information for ADA Reasonable Accommodations Form, and gave a June 16, 2022, deadline to submit these for review.

25. Gamst provided this information to his medical provider and submitted it back to EEO on or about June 6, 2022.

26. The ADA Reasonable Accommodations Form as completed by his medical provider, noted that Gamst was cleared to return to work with a reasonable accommodation.

27. The accommodation included, 1. Maximum of lifting 20 pounds, 2. No walking in excess of 10 minutes at one time, and 20 minutes in an hour, 3. No running or jumping.

28. The form also listed the accommodation should run from June 9, 2022, until December 9, 2022, and it was unknown when Gamst could return without accommodation.

29. On June 8, 2022, Gamst received a letter from Matrix Absence Management ("Matrix") requesting that he submit, 1. Authorization for Use in Obtaining Information form, 2. Direct deposit form, 3. Provider care List. 4. W4.

30. The letter gave Gamst until July 25, 2022, to submit this information.

31. The letter was closed, "Sincerely, LTD Claims Department".

32. On June 10, 2022, Gamst was contacted by Gregg Hanscom of the University's Human Resource Department.

33. Hanscom informed Gamst that EOO determined that Gamst had "continuing restrictions of an unknown duration and are not able to return to work at this time. You are scheduled to receive notification from the department today, (Bill Walter).

4

Your next is to apply for LTD and we encourage you to work with Matrix and/or

EOO for any appropriate process."

34. On or about June 13, 2022, Gamst submitted the requested information to Matrix.

35. On June 16, 2022, Gamst contacted Asani asking why he was being pushed to LTD.

36. Asani responded that she was "… doing research to figure out which department

your request best falls under as you been interacting with a few different offices."

She continued with "… I am also in the process of creating a supplement form for

your provider as the information they provided was not clear given your stated

request. I will be updating you early next week with the next steps."

37. On June 21, 2022, Asani emailed Gamst, indicating that "long term disability is a

leave option for all employees, if that is a route they choose and need to explore."

38. Her email went on to note that Gamst's department was unable to accommodate him

safely, and he needed to submit a supplemental questionnaire medical form, which

would be considered a new request.

39. Also on June 21, 2022, Gamst received a letter from Matrix Absence Management,

that his Long-Term Disability Benefit was under review as they had received his

medical information, and that information was being reviewed to determine his

eligibility.

40. On June 22, 2022, Gamst emailed Gregg Hanscom noting that he had not received

anything from Bill Walters yet, despite Hanscom indicating he would on June 10,

2022. Gamst also questioned why Asani was requesting a resubmission of his

medical records.

41. Gamst received an auto-response from Hanscom that he was out of office until June 23, 2022. No further response was received.

42. Some time after June 23, 2022, Gamst received a letter dated June 14, 2022, from William Walter notifying him that the University was unable to hold his position beyond June 14, 2022.

43. The letter noted that "It is important to understand that this does not affect your ability to apply for LTD and we encourage you to work with Matrix and/or EOO for any appropriate reason."

44. On July 19, 2022, Gamst received a letter from Matrix informing him that the LTD request had been denied.

45. The letter indicated that his medical file had been reviewed but "The Clinician assed(sic) the medical does not support an inability to perform work in your own occupation as a Plumber/Steamfitter as of your anticipated reported return to work date of May 9, 2022. Your claim is therefore denied in its entirety."

46. On or about October 17, 2022, Gamst through counsel sent a letter to Hanscom outlining his claims of discrimination, failure to accommodate, and disparate treatment.

47. In a letter dated April 1, 2022, Gamst through counsel filed a claim of Disability/Handicap Discrimination, Disparate Treatment, and Wrongful Termination.

48. Through their work share agreement, the complaint was dual filed at the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC").

49. On June 27, 2023, the MCAD dismissed the case finding the Commission lacks jurisdiction over the case pursuant to 804 CMR 1.08(1)(c)(2020).

50. No further information was requested or provided prior to the dismissal.

51. On June 29, 2023, the EEOC issued a dismissal of the Charge and provided a Notice of Right to Sue.

## Count I
### Violation of the Americans with Disabilities Act 42 U.S.C. § 12201 et seq.

52. Plaintiff re-alleges and incorporates by reference the above allegations.

53. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, prohibits discrimination on the basis of disability.

54. Defendant is an employer covered by the ADA, 42 U.S.C. § 12211(5).

55. Plaintiff is an employee covered by the ADA.

56. Plaintiff was entitled to a reasonable accommodation to allow him to return to work.

57. Defendant discriminated against the Plaintiff on the basis of the disability by failing to meaningfully engage with him about an accommodation for his disability, forcing him to apply for long term disability coverage rather than accommodating his disability, exacerbating his mental, emotional, and physical distress by refusing to allow him to return to work, and issuing a letter that his position would no longer be available to him.

58. Plaintiff has suffered and will continue to suffer damages as a result of the discrimination for which the Defendant is liable.

## Count II
### Retaliation in Violation of the Americans with Disabilities Act 42 U.S.C. § 12201 et seq.

59. Plaintiff re-alleges and incorporates by reference the above allegations.

60. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201, prohibits

    retaliation against an employee for exercising rights under the law.

61. Defendant retaliated against the Plaintiff by treating him less favorably than other

    employees, denying his long-term disability request, and terminating his

    employment after he requested accommodation for his disability.

62. The facts, including the close proximity in time between Plaintiff's protected activity

    and the adverse action, show a causal connection between the two.

63. Plaintiff has suffered and will continue to suffer damages as a result of the retaliation

    for which the Defendant is liable.

### Count III
### Handicap Discrimination M.G.L c. 151B, § 4

64. Plaintiff re-alleges and incorporates by reference the above allegations.

65. M.G.L. c. 151B, § 4(16) prohibits discrimination on the basis of disability.

66. Plaintiff was entitled to a reasonable accommodation to allow him to return to work.

67. Defendant discriminated against the Plaintiff on the basis of the disability by failing

    to meaningfully engage with him about an accommodation for his disability, forcing

    him to apply for long term disability coverage rather than accommodating his

    disability, exacerbating his mental, emotional, and physical distress by refusing to

    allow him to return to work, and issuing a letter that his position would no longer be

    available to him.

68. Defendant deliberately disregarded Plaintiff's rights under M.G.L. c. 151B and

    interfered with his right to a workplace free from discrimination.

69. Plaintiff has suffered and will continue to suffer damages as a result of the

    discrimination for which the Defendant is liable.

8

## Count IV
## Retaliation M.G.L c. 151B, § 4

70. Plaintiff re-alleges and incorporates by reference the above allegations.

71. M.G.L c. 151B, § 4 prohibits retaliation against an employee for exercising rights

under the law.

72. Defendant retaliated against the Plaintiff by treating him less favorably than other

employees, denying his long-term disability request, and terminating his

employment after he requested accommodation for his disability.

73. The facts, including the close proximity of in time between Plaintiff's protected

activity and the adverse action, show a causal connection between the two.

74. Plaintiff has suffered and will continue to suffer damages as a result of the retaliation

for which the Defendant is liable.

## Count V
## Violation of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

75. Plaintiff re-alleges and incorporates by reference the above allegations.

76. Defendant is an employer under the federal Family and Medical Leave Act

("FMLA") 29 § 2611(4) and is subject to its provisions.

77. Plaintiff was entitled to up to 12 weeks of job-protected leave under the FMLA due

to his serious health condition.

78. Defendant had a duty to refrain from interfering with, restraining, denying, and or

discriminating against an employee for exercising rights under the law.

79. Defendant interfered with Plaintiff's rights under the law by delaying his return to

work, denying his long-term disability request, and separating his employment after

he went out of work on medical leave.

9

80. Defendant's conduct in discriminating against the Plaintiff was willful and intentional.

81. Plaintiff has suffered and will continue to suffer damages as a result of the discrimination for which the Defendant is liable.

### COUNT VI
### VIOLATION OF MASSACHUSETTS PAID FAMILY AND MEDICAL LEAVE ACT M.G.L. c 175M

82. Plaintiff re-alleges and incorporates by reference the above allegations.

83. Defendant is an employer under the Massachusetts Paid Family Medical Leave Act ("PFMLA"), G.L. c. 175M § 1, and is subject to is provisions.

84. Plaintiff was a covered individual under the PFML and was entitled to 20 weeks of medical leave to his serious health condition.

85. Section 9(a) of the PFMLA prohibits retaliations "by discharging, firing, suspending, expelling, disciplining… or in any other manner discriminating against an employee for exercising any right to which such employee is entitled under this chapter...".

86. Section 9 (c) of the PFMLA provides for a presumption of retaliation if any negative change is made to an employee's terms or conditions of employment within the 6 month period following an employee's leave.

87. Plaintiff is entitled to a presumption of retaliation under the PFMLA as the Defendant separated his employment within 6 months following his leave under the act.

88. Defendant interfered with Plaintiff's rights under the law by delaying his return to work, denying his long-term disability request, and separating his employment after he went out on PFMLA.

10

89. Plaintiff has suffered and will continue to suffer damages as a result of the retaliation

for which the Defendant is liable.

**Request for Relief**

WHEREFORE, Plaintiff Kevin Gamst prays for the following:

l. An award of damages in an amount to be determined at trial together with interest;

2. An award of emotional distress to be determined at trial;

3. An award of compensatory or punitive damages to be determined at trial;

4. An award of attorney's fees, interest and costs; and

5. For such other relief as this Honorable Court deems just and equitable.

**Jury Demand**

The Plaintiff demands a jury trial on all claims herein.

Respectfully submitted,

/s/ *Sean R. Cronin*
Sean R. Cronin (BBO #692257)
CROIN LAW PC
108 Waldemar Ave
East Boston, MA 02128
(617) 213-6883
Sean@Croninlawpc.com

September 20, 2023

11

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | **COUNTY** Middlesex Superior Court (Woburn) |

| **Plaintiff** | Kevin Gamst | **Defendant:** | Boston Univeristy |
|---|---|---|---|
| ADDRESS: | 103 Main Street #10 Reading, MA 01864 | ADDRESS: | 120 Ashford Street, Boston, MA 02215 |
| | | | |
| | | | |
| **Plaintiff Attorney:** | Sean Cronin | **Defendant Attorney:** | |
| ADDRESS: | 108 WALDEMAR AVE East Boston, MA 02128 | ADDRESS: | |
| | | | |
| | | | |
| BBO: | 699257 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

   1. Total hospital expenses

   2. Total doctor expenses   **RECEIVED**   9/20/23   tc

   3. Total chiropractic expenses

   4. Total physical therapy expenses

   5. Total other expenses (describe below)

                Subtotal (1-5):   $0.00

B. Documented lost wages and compensation to date   $150,000.00

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages   $260,000.00

F. Other documented items of damages (describe below)

                TOTAL (A-F):   $410,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____   Date: September 20, 2023

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____   Date: September 20, 2023

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.