**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KEVIN GAMST, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  **Civil Action No.** |
| | )  **23-12452-FDS** |
| BOSTON UNIVERSITY, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

SAYLOR, C.J.

This is a civil action alleging workplace discrimination.  Plaintiff Kevin Gamst was

employed by defendant Boston University ("BU") from 2019 until his termination in 2022.  He

alleges that BU discriminated against him after he contracted COVID-19 in 2021 and did not

return to work, which eventually resulted in his termination.

The complaint asserts claims for discrimination under the Americans with Disabilities

Act ("ADA"), 42 U.S.C. ch. 126 § 12101 *et seq.*; discrimination under Mass. Gen. Laws ch.

151B ("Chapter 151B"); retaliation under the Family Medical Leave Act ("FMLA"),

29 U.S.C. § 2601; and retaliation under the Massachusetts Paid Family Medical Leave Act

("PFMLA"), Mass. Gen. Laws ch. 175M.

BU has moved to dismiss the claims under the ADA and Chapter 151B on that ground

that they are time-barred because plaintiff failed to properly exhaust his administrative remedies.

For the following reasons, that motion will be granted.

## I.     Background

Unless otherwise noted, the facts are drawn from the complaint, documents referred to or attached to that complaint, and other filings concerning defendant's motion to dismiss.[1]

### A.     Factual Background

Kevin Gamst began working for BU as a plumber and steamfitter in 2019.  (Compl. ¶ 1). After he worked at BU for two years, he was enrolled in a "Long Term Disability Plan" ("LTD"), which was managed by a third-party entity.  (*Id.* ¶¶ 9, 29-31, 44).

In December 2021, Gamst contracted COVID-19, which resulted in him being hospitalized for twelve days.  (*Id.* ¶ 11).  Due to his condition, he was unable to work and BU placed him on leave.  (*Id.* ¶ 12).  He was approved to take leave under both the FMLA and PFMLA, beginning on December 3, 2021.  (*Id.* ¶¶ 13, 15).  Those leave periods became exhausted on March 8 and May 3, 2022, respectively.  (*Id.* ¶¶ 13-16).

After Gamst had depleted his allotted medical leave, BU notified him that he was expected to return to work by June 9, 2022.  (*Id.* ¶ 18).  That notification also instructed him to contact the BU Equal Opportunity Office ("EOO") or Occupational Health Center ("OHC") to manage his return to work.  (*Id.* ¶ 18).  He submitted documentation describing his medical limitations and requested disability accommodations through EOO and OHC.  (*Id.* ¶¶ 19-28).  On June 10, 2022, BU denied those accommodation requests based on its job requirements.  (*Id.* ¶¶ 32-33, 38).  It also encouraged him to apply for LTD benefits.  (*Id.*).

---

[1] On a motion to dismiss, the court may consider four types of documents outside the complaint without converting the motion into one for summary judgment:  (1) documents of undisputed authenticity; (2) official public records; (3) documents central to plaintiff's claim; and (4) documents sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).  As relevant here, MCAD and EEOC documents are official public records subject to judicial notice, and therefore may be considered here.  *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (a court deciding a motion to dismiss may consider public records that would otherwise be subject to judicial notice); *see also Rodriguez v. Putnam Invs.*, 2007 WL 9798216, at *2 (D. Mass. Sept. 15, 2007) (taking judicial notice of MCAD and EEOC records on a motion to dismiss).

At some point after June 23, 2022, Gamst received a letter dated June 14, 2022, notifying him that BU could not hold his position open any longer.  (*Id.* ¶¶ 42-43).  The letter noted that his termination would not affect his ability to apply for LTD benefits.  (*Id.* ¶ 43).  On July 19, 2022, Gamst received another letter advising him that his LTD benefits request had been denied because a clinician had determined that his medical condition did not prevent him from returning to work.  (*Id.* ¶¶ 44-45).  Three months later, Gamst sent a letter through counsel to BU outlining his discrimination claims.  (*Id.* ¶ 46).

### B.   Procedural Background

Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on April 28, 2023, concurrently triggering a complaint to the Equal Employment Opportunity Commission ("EEOC").  (Def. Ex. A).[2]  The charge alleged discrimination based on disability in violation of the ADA and Chapter 151B.  (*Id.* at 6).  In that charge, plaintiff also asserted a "violation date" of June 14, 2022.  (*Id.* at 1).  It did not include any information about the denial of LTD benefits.  (*Id.* at 4-7).

On June 27, 2023, MCAD dismissed the charge on the ground that it had been untimely filed.  (Def. Exs. B and D).  Two days later, the EEOC likewise dismissed the charge because it "was not filed within the time limits under the law[.]"  (Def. Ex. C at 2).

After receiving the dismissals from MCAD and EEOC, plaintiff filed suit against BU in the Massachusetts Superior Court on September 20, 2023.  The complaint alleges violations of the ADA (Counts 1-2), violations of Chapter 151B (Counts 3-4), and violations of the FMLA and PFMLA (Counts 5-6).  BU removed the action to this court pursuant to 28 U.S.C. §§ 1331 and 1441(a).

---

[2] The complaint inaccurately lists the filing date as "April 1, 2023," as discussed below.  (Compl. ¶ 47).

Defendant has moved to dismiss Counts 1-4 on the ground that they were not timely presented to MCAD or EEOC within the applicable limitations period, and thus failed to exhaust administrative remedies as required by the ADA and Chapter 151B.

## II.     Standard of Review

On a motion to dismiss made pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III.     Analysis

Prior to filing a civil action for employment discrimination in federal court under the ADA or Chapter 151B, a plaintiff must first file a timely discrimination charge with the appropriate administrative agency—EEOC for claims arising under federal law, and MCAD for claims under state law. *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996).  A charge under the ADA must be filed with EEOC "'within one hundred and eighty days after the alleged

unlawful employment practice occurred,' or within 300 days if 'the person aggrieved has initially instituted proceedings with [an authorized] state or local agency,'" here MCAD.  *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275 (1st Cir. 1999) (quoting 42 U.S.C. § 2000e-5(e)); 42 U.S.C. § 12117(a).  Under Massachusetts law, charges under Chapter 151B must be filed with MCAD within 300 days "after the alleged act of discrimination."  Mass. Gen. Laws ch. 151B, § 5.  Failing to file a timely administrative charge requires that any subsequent lawsuit be dismissed.  *See Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 236 (1st Cir. 2001).

Defendant contends that the ADA and Chapter 151B claims should be dismissed because they were not filed with MCAD within the relevant limitations period.  Plaintiff responds that the charge was filed earlier than the public records reflect, and that the latest discriminatory event was in fact later than that record reflects.

The complaint suggests that the MCAD charge was filed on April 1, 2023, rather than its recorded date of April 28, 2023.  (Compl. ¶ 47).  Plaintiff stresses that many of the documents attached to the MCAD charge, prepared by his previous counsel, are dated April 1, rather than April 28.  (Def. Ex. A at 3-9).  Even so, the MCAD charge itself unequivocally identifies the submission date as 3:59 p.m. on April 28, 2023, as validated by the same attorney who prepared the attachments.  (Def. Ex. A at 2).  Moreover, MCAD's actions and disposition clearly indicate that the operative filing date with that agency was April 28, 2023.  (Def. Ex. D).  Although plaintiff is correct that the court must consider the well-pleaded facts in the complaint as true, there are no plausible factual allegations in the complaint to support the claim that the dates in the official public records are incorrect.  In the absence of any plausible allegations to the contrary, the Court must assume that the filing date for the initial charge was April 28, 2023.

5

Second, plaintiff contends that the last discriminatory action occurred on July 19, 2022 (when he was denied LTD benefits) rather than on June 14, 2022 (when he was terminated by BU).  To support that contention, he suggests that his claims involving LTD benefits naturally "grow out of" the allegations raised before MCAD.  (Pl. Opp'n at 9).

That assertion is unpersuasive for several reasons.  Whether or not the denial of LTD benefits was related to his termination, plaintiff had ample opportunity to raise such a claim in his initial charge to MCAD in April 2023—almost nine months after he received the denial of those benefits.  Despite the detailed statement submitted through counsel to MCAD, he elected not to do so, and the charge contained no mention of the benefits denial.  (Def. Ex. A at 4-7).  Neither MCAD or EEOC was responsible for correcting that omission through their own investigations, particularly in light of the filing's untimeliness.  That fact is further substantiated by plaintiff's clear statement in the charge that the "violation date" was "June 14, 2022," not "July 19, 2022."  (*Id.* at 1).

Furthermore—and even assuming the denial of the benefits was discriminatory—a claim based on that denial would itself need to comply with the 300-day presentment requirements under ADA or Chapter 151B.  There is no indication that plaintiff ever sought to amend his original charge, or filed a new charge with EEOC or MCAD to raise claims related to the benefits denial.  Any claim based on that denial, therefore, is likewise subject to dismissal for failing to exhaust the required administrative remedies.

In short, the most recent discriminatory act within the scope of the MCAD charge occurred on June 14, 2022.  The MCAD charge was filed on April 28, 2023.  Thus, the charge was filed 318 days after the alleged discriminatory conduct, outside the applicable 300-day limitations period.

The Court also notes that there is no reason to apply equitable tolling here.  The First Circuit has instructed that equitable tolling is only appropriate in exceptional circumstances. *Chico-Velez v. Roche Prod.*, 139 F.3d 56, 58-59 (1st Cir. 1998).  Importantly, "equitable tolling is unavailable where a party fails to exercise reasonable diligence." *Benitez–Pons v. Puerto Rico*, 136 F.3d 54, 61 (1st Cir. 1998); *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009).  Plaintiff here has consistently acted through counsel and has offered no reasonable explanation for the failure to submit the initial charge within the 300-day limitations period.  There is thus no indication of any exceptional circumstances that would justify equitable tolling to extend the limitations period required by the relevant statutes.

Accordingly, because the charge exceeded the limitations period required by the ADA and Chapter 151B, and equitable tolling is inappropriate, plaintiff's claims under both statutes will be dismissed as time-barred.

## IV.    <u>Conclusion</u>

For the foregoing reasons, defendant's partial motion to dismiss is GRANTED, and Counts 1-4 of the complaint are DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  February 23, 2024                      Chief Judge, United States District Court